UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Lisa Horsch and T.H., a minor child,<br><br>Plaintiffs,<br>v.<br><br>LTD Financial Services, L.P.,<br><br>Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## PARTIES

3. Plaintiff Lisa Horsch (hereinafter "Plaintiff Lisa") is a natural person who resides in the City of Dalbo, County of Isanti, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Plaintiff T.H. (hereinafter "Plaintiff T.H.") is a natural person who resides in the City of Dalbo, County of Isanti, State of Minnesota, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant LTD Financial Services, L.P. (hereinafter "Defendant") is collection agency with its principal office address located at 7322 Southwest Freeway, Suite

1600, Houston, TX 77074. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Sometime prior to July 2008, Plaintiff Lisa allegedly incurred a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5), with Chase.

7. The alleged debt was transferred, assigned or sold to Defendant by LTD Acquisitions sometime prior to July 2008.

8. On or about July 17, 2008, Defendant called Plaintiff Lisa's home and spoke with eleven year old Plaintiff T.H. and told her that he was calling from the "bank" and to have her mom call Robert at 1-866-998-2500.

9. Then on July 18, 2008, Defendant called Plaintiff Lisa again and said that his company had purchased the account from Chase.

10. Defendant asked Plaintiff Lisa if she wanted to make "restitution," and wanted to know if Plaintiff Lisa wanted Defendant to "sue" her, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), and 1692f.

11. Defendant's agent, Robert, also told Plaintiff that he had suit authority, he would sue her and that caused Plaintiff anxiety and worry.

12. Plaintiff tried to explain to Defendant's agent, Robert that she would attempt to pay on the debt when she was able.

13. On July 30, 2008, Defendant called Plaintiff T.H. and told her that he was going to "call the police" on her mom and send them to her house, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), and 1692f.

14. When Plaintiff Lisa learned of this she immediately called Defendant and reported that their agent, Robert, had threatened her minor daughter, Plaintiff T.H.

15. Defendant stated that they would note the account and that Robert would not contact her anymore.

16. Defendant's conduct has caused Plaintiffs actual damages in the form of emotional distress, fear and anxiety.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –

## 15 U.S.C. § 1692 et seq.

18. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

20. As a result of Defendant's violations of the FDCPA, Plaintiffs have suffered and are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant for each Plaintiff;

- statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant for each Plaintiff;

- the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant; and

- for such other and further relief as may be just and proper.

Dated this 13 day of March, 2009.        Respectfully submitted,


By: s/Thomas J. Lyons,Jr.
**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
Trista M. Roy, Esq.
Attorney I.D. #0387737
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommycjc@aol.com

ATTORNEYS FOR PLAINTIFF

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA )
) ss
COUNTY OF ISANTI )

Plaintiff Lisa Horsch, for herself and her minor child, Plaintiff T.H., having first been duly sworn and upon oath, deposes and says as follows:

1. We are the Plaintiffs in this civil proceeding.
2. We have read the above-entitled civil Complaint prepared by our attorney and we believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. We have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Lisa J. Horsch
Lisa Horsch

s/Lisa J. Horsch
Lisa Horsch for Plaintiff T.H.
as legal guardian

Subscribed and sworn to before me
this 1 day of March, 2009.

s/Cassandra Holmes
Notary Public